FILED
2023 Jun-28  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDALL S. WARD and**<br>**KIMBERLY BOYKIN-WARD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE ACTION NO.:** |
| **vs.** | ) | **2:23-CV-00527-AMM** |
| | ) | |
| **THE TOWN OF BROOKSIDE;** | ) | |
| **MICHAEL JONES; and MARCUS** | ) | |
| **B. WELLS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### MARCUS B. WELLS'S ANSWER TO COMPLAINT

---

Marcus B. Wells (hereinafter known as "Wells" or "Defendant") responds to the Plaintiffs' Amended Complaint as follows:

### I.      PARTIES TO THE COMPLAINT

1.      Defendant does not have enough information to admit or deny this paragraph of the Plaintiffs' complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the complaint.

2.      Defendant does not have enough information to admit or deny this paragraph of the Plaintiffs' complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the complaint.

3.      Defendant does not have enough information to admit or deny this paragraph of the Plaintiffs' complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the complaint.

4.      Denied.

## II.      <u>JURISDICTION</u>

5.      Denied.

## III.   <u>FACTS</u>

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

## IV.   CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFFS BY DEFENDANTS

39.    This paragraph of the Complaint requires no response from the Defendant.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

40.    Denied.

41.    Denied.

42.    Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 42.

### COUNT II:
### FALSE ARREST AND IMPRISONMENT BY PLAINTIFFS BY DEFENDANTS
### [STATE LAW CLAIMS]

43.    This paragraph of the Complaint requires no response from the Defendant.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

44.    Denied.

45.    Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 45.

### COUNT III:
### FALSE ARREST AND IMPRISONMENT BY DEFENDANTS IN VIOLATION OF PLAINITFFS' CONSTITUTIONAL RIGHTS

46.    This paragraph of the Complaint requires no response from the Defendant.   If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

47.    Denied.

48.    Denied.

49.    Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 49.

## COUNT IV:
## FALSE ARREST AND IMPRISONMENT BY DEFENDANTS BASED UPON NEGLIGENCE UNDER STATE LAW

50.    This paragraph of the Complaint requires no response from the Defendant.   If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

51.    Denied.

52.    Denied.

53.    Denied.

54.     Denied.

55.    Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 45.

## PRAYER FOR RELIEF

A. Denied.

B. Denied.

C. Denied.

## AFFIRMATIVE DEFENSES

**AND NOW**, having fully answered the allegations contained in the Complaint and having denied any liability, damages, and the right to any recovery in this matter, the Defendant asserts the following defenses. The term "Plaintiff" used in these Affirmative Defenses refers broadly to all Plaintiffs named in the lawsuit, minors on whose behalf the lawsuit was filed, the personal representative of the Estate of a person whose death gave rise to the lawsuit, and the person whose death gave rise to the lawsuit. The term "Defendant" used in these Affirmative Defenses refers broadly to all of the parties on whose behalf this pleading is filed.

1.    The Defendant denies each and every material allegation of the Complaint not heretofore controverted.

2.    The Defendant did not owe a legal duty.

3.    The Defendant did not breach a legal duty.

4.    The Defendant did not violate any statutes, rules and/or regulations of this State or the United States of America.

5.    The Defendant asserts all applicable affirmative defenses under Rule 12(b).

6.     The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

7.     The applicable statutes of limitations bar the claims asserted in the Complaint.

8.     Federal laws and/or the laws of foreign state or jurisdiction apply to the Complaint.

9.     Compensatory, consequential, or punitive damages, or any other damages or relief are not recoverable in this case.

10.    The Plaintiff was not damaged to the extent claimed.

11.    The Plaintiff's alleged damages are speculative and impossible to ascertain or allocate.

12.    Any recovery had must be reduced or set off by collateral sources paid to the Plaintiff.

13.    The Plaintiff failed to mitigate damages.

14.    Attorney's fees are not recoverable.

15.    The Plaintiff's claims are barred by estoppel.

16.    The Plaintiff's claims are barred by illegality.

17.    The Plaintiff's alleged injuries and/or damages were proximately or solely caused by the actions and/or omissions of someone other than Defendant and

over whom Defendant possesses no right of supervision or control and for whose acts Defendant is not legally responsible.

18.     The claims are barred by the doctrines of Eleventh Amendment immunity, absolute immunity, state agent immunity, substantive immunity, discretionary function immunity, sovereign immunity, peace officer immunity, municipal immunities and qualified immunity.

19.     Any violations of the United States Constitution are denied.

20.     Any Fourth or Fourteenth Amendment violations are denied.

21.     Any Fourteenth Amendment due process or equal protection violations are denied.

22.     The claims of civil rights violations, if any, under 42 U.S.C. § 1983 are denied.

23.      The Plaintiff failed to file this action in the proper venue pursuant to Alabama Code § 6-3-11.

24.     The Plaintiff failed to properly present claims pursuant to Alabama Code § 11-47-23 and Alabama Code § 11-47-192 and are barred.

25.     The Defendant pleads immunity from liability.

26.     The provisions of Alabama Code § 6-5-338 providing immunity to peace officers is asserted.

27.    The Defendant is immune from punitive damages pursuant to Alabama Code § 6-11-26.

28.    Damages caps apply to the claims in the Complaint.

29.    The provisions of Alabama Code § 11-47-190 are pled as a defense to the Plaintiff's claims.

30.    The provisions of Alabama Code § 11-93-2 are pled as a defense to the Plaintiff's claims.

31.    The provisions of Alabama Code § 11-47-191 are pled as a defense to the Plaintiff's claims.

32.    The claims are barred by the doctrines of Eleventh Amendment immunity, absolute immunity, state agent immunity, substantive immunity, discretionary function immunity, sovereign immunity, peace officer immunity, municipal immunities and qualified immunity.

33.    The state law claims of intentional conduct asserted in the Complaint are barred by law.

34.    Claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

a.    the Commerce Clause of Article I, Section 8 of the United States Constitution;

b.      the Contracts Clause of Article I, Section 10 of the United States Constitution;

c.      the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d.      the Supremacy Clause of Article VI of the United States Constitution;

e.      the Free Speech Clause of the First Amendment of the United States Constitution;

f.      the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.      the Takings Clause of the Fifth Amendment of the United States Constitution;

h.      the Right to Counsel of the Sixth Amendment of the United States Constitution;

i.      the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

j.      the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

k.      the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

l.    similar or corresponding provisions of the Constitution of this State.

35.    No act or omission alleged in the Complaint was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

36.    To the extent the Complaint seeks the imposition of punitive damages, the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001) *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar cases from the Supreme Court of this State; *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) are adopted by reference.

37.    Because of the lack of clear standards, any imposition of punitive damages would be unconstitutionally vague and/or overbroad.

38.    Claims for punitive damages are subject to the limitations and requirements of State law.

39.    All defenses asserted by other defendants are adopted to the extent they are applicable to the claims purportedly asserted against the Defendant.

40.     The right to assert any additional defenses, counterclaims, cross-claims and/or file third-party complaints that discovery would reveal to be available and/or necessary is hereby reserved.

**DEFENDANT DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

***s/ M. Jansen Voss***
M. Jansen Voss
Margaret H. Clanton
*Attorneys for Marcus B. Wells*

**OF COUNSEL**:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama  35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mhclanton@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I certify on June 28, 2023, I served a copy of this document and any attachments on counsel for all parties via electronic filing or by placing same in the United States Mail, properly addressed and first-class postage prepaid to:

Sidney M. Jackson
Nickie L. Lawsen
Eric C. Sheffer
Wiggins, Childs, Pantazis, Fisher &
Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
sjackson@wigginschilds.com
nlawsen@wigginschilds.com
esheffer@wigginschilds.com

William M. Dawson
Dawson Law, LLC
1736 Oxmoor Road #101
Birmingham, AL 35209
bill@billdawsonlaw.com

*Attorneys for the Plaintiff*

James W. Porter, II, Esq.
R. Warren Kinney, Esq.
Porter, Porter & Hassinger, P.C.
880 Montclair Road, Suite 175
Birmingham, Alabama 35213
jwporterii@pphlaw.net
wkinney@pphlaw.net
*Attorneys for The Town of Brookside*

Thomas S. Hale, Esq.
Hale Sides, LLC
600 Financial Center
505 20th Street North
Birmingham, Alabama 35203
thale@halesides.com
*Attorney for Michael Jones*

*/s/ M. Jansen Voss*
OF COUNSEL

3896543.1